1

2

3

4

5

6

7

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

**United States District Court**
For the Northern District of California

IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

JIN MI RYUNG, on behalf of herself
and all others similarly situated,

        Plaintiff,

  v.

TJ MEDIA USA, INC., and
TJ MEDIA CO., LTD.,

        Defendants.

_____/

No. C 13-04935 WHA

**ORDER GRANTING MOTION FOR AN
ORDER AUTHORIZING ALTERNATIVE
SERVICE AND VACATING HEARING**

**INTRODUCTION**

     In this putative class action for misappropriation of likeness in connection with karaoke

machines, plaintiff moves for authorization to serve a foreign-parent defendant through its

domestic subsidiary.  The domestic-subsidiary defendant does not oppose.  For the reasons

stated below, the motion is **GRANTED**.  The hearing set for March 13 is **VACATED**.

**STATEMENT**

     In October 2013, plaintiff filed a putative class action complaint against defendant TJ

Media USA, Inc. alleging California state-law and common-law claims.  "Plaintiff, an

individual, is a citizen of Korea" (Compl. ¶ 3).  In December 2013, defendant TJ Media USA

answered and admitted that TJ Media Co., Ltd. is the parent company of TJ Media USA

(Ans. ¶ 1).  The action was then reassigned to the undersigned judge.  In January 2014, plaintiff

filed an amended putative class action complaint, adding the parent company, TJ Media Co.,

Ltd, as a defendant.  "TJ Media Co. is a foreign corporation headquartered in Seoul, Korea"

(Dkt. No. 26).  The amended complaint proposed the following classes:

> Any person or entity whose music is featured in one of
> Defendants' Machines sold in the United States that also features
> the person's or entity's image, video, or likeness.
>
> Any person or entity whose music is featured in one of
> Defendants' Machines sold in the State of California, the State of
> New York, the Commonwealth of Virginia, the State of Texas, the
> State of Illinois, the State of Georgia, and the State of Washington,
> that also features the  person's or entity's image, video, or likeness.

(Amd. Compl. ¶¶ 38, 39).  The operative amended complaint added five claims for relief

alleging misappropriation of publicity rights under New York, Virginia, Texas, Washington,

Illinois, and Georgia state and common law.  A summons directed at defendants was then

issued.  Plaintiff provided the following address for defendant TJ Media Co., the parent

company, "640-8 Deungchon-Dong, Gangseo-Gu, Seoul, Korea" (Dkt. Nos. 27, 28).  In

defendant TJ Media USA's answer to the amended complaint, defendant noted (as an

affirmative defense) that "[t]here is another action pending in the Republic of South Korea

regarding the issue of whether plaintiff gave consent for use of her image or likeness"

(Dkt. No. 34).

    On January 28, plaintiff filed the instant motion for "an order authorizing her to serve

[TJ Media Co., Ltd.] through its domestic subsidiary, TJ Media USA."  Other than perhaps

counsel for the domestic subsidiary, "Plaintiff has been unable to locate any designated

registered agents for service of process or other agents authorized to accept service of process

on [the foreign parent's] behalf in the United States" (Smith, Jr. Decl. ¶¶ 4, 6, 9, 10).  Plaintiff

then filed a certificate of service stating that the motion and accompanying papers were served

via federal express overnight delivery to "TJ Media Co., Ltd., 23, Hwagok-ro 64-gil,

Gangseo-gu, Seoul, Korea" (Dkt. Nos. 33, 35).

    On February 11, counsel for plaintiff and counsel for TJ Media USA, Inc. appeared for a

case management conference.  TJ Media USA indicated that they would be filing a notice of

**United States District Court**
For the Northern District of California

1   non-opposition to the motion shortly.  Indeed, TJ Media USA then filed a statement stating that

2   plaintiff's motion "is not directed at defendant TJ Media USA, Inc." and "[c]onsequently, TJ

3   Media USA takes no position thereon" (Dkt. No. 37).

4       A February 11 case management order set a number of deadlines.  Initial disclosures are

5   due by February 21 on pain of preclusion, the fact discovery cut-off is October 31, and the jury

6   trial begins February 2, 2015 (Dkt. No. 36).  At the case management conference, counsel was

7   also reminded of the notice regarding factors to be evaluated for any proposed class settlement

8   (Dkt. No. 18).

9       All parties who have appeared in this action have had an opportunity to respond in

10  writing and be heard orally.  The motion is thus ripe to decide.

11                                      **ANALYSIS**

12      Service of an individual in a foreign country is governed by FRCP 4(f) which states:

13          Unless federal law provides otherwise, an individual — other than
            a minor, an incompetent person, or a person whose waiver has
14          been filed — may be served at a place not within any judicial
            district of the United States:
15
              (1) by any internationally agreed means of service that is
16          reasonably calculated to give notice, such as those authorized by
            the Hague Convention on the Service Abroad of Judicial and
17          Extrajudicial Documents;

18                    *                    *                    *

19              (3) by other means not prohibited by international agreement, as
            the court orders.
20
    *See also* FRCP 4(h)(2).  "[C]ourt-directed service under Rule 4(f)(3) is as favored as service
21
    available under Rule 4(f)(1) or Rule 4(f)(2)."  *Rio Properties, Inc. v. Rio Int'l Interlink*, 284
22
    F.3d 1007, 1015 (9th Cir. 2002).  In other words, FRCP 4(f)(3) provides an alternative means of
23
    service as long as it is directed by the court and not prohibited by international agreement.
24
        The Republic of Korea is a signatory of the Hague Convention on Service Abroad of
25
    Judicial and Extrajudicial Documents in Civil and Commercial Matters.  Plaintiff, however, in
26
    an effort to obviate additional expenses in this putative class action, asked counsel for the
27
    domestic-subsidiary defendant on December 30 and January 23, whether counsel would also be
28

                                            3

representing the foreign-parent defendant and whether counsel would accept service on behalf of the foreign-parent.  Counsel has not indicated one way or another.

This order finds that the proposed service on the foreign parent TJ Media Co. through its domestic subsidiary, TJ Media USA, is not prohibited by international agreement and comports with due process.  The method of service ordered by the district court must be "reasonably calculated, under all the circumstances, to apprise interested parties of the pendency of the action and afford them an opportunity to present their objections." *Rio*, 284 F.3d at 1016. Serving the domestic subsidiary is reasonably calculated, under these circumstances, to apprise the foreign parent of the pendency of the action and afford the foreign parent an opportunity to respond.  This order is without prejudice to TJ Media Co. responding in due course.

## CONCLUSION

For the reasons stated, plaintiff's motion for an order authorizing service of defendant TJ Media Co., Ltd. through its domestic subsidiary, TJ Media USA, Inc. is GRANTED.  The hearing set for March 13 is VACATED.


**IT IS SO ORDERED.**


Dated:   February 18, 2014.

WILLIAM ALSUP
UNITED STATES DISTRICT JUDGE

United States District Court
For the Northern District of California

4